```
PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT UNITED STATES TRUSTEE
DAVID S. SHEVITZ, SBN 271917
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Blvd., Suite 1850
Los Angeles California 90017
Telephone:    213-894-3240
Facsimile:    (213) 894-2603
Email:        David.S.Shevitz@usdoj.gov
```

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>WESTSIDE MULTISPECIALTY SURGERY CENTER,<br><br>　　　　Debtor. | Case No.: 2:23-bk-17675-BB<br><br>UNITED STATES TRUSTEE'S NOTICE OF MOTION AND MOTION FOR DETERMINATION THAT A PATIENT CARE OMBUDSMAN IS NOT NECESSARY FOR THE PROTECTION OF PATIENTS PURSUANT TO RULE 2007.2(a); DECLARATION OF DAVID S. SHEVITZ IN SUPPORT<br><br>DATE:　January 11, 2024<br>TIME:　10:00 a.m.<br>CTRM:　255 E. Temple Street, 1539<br>　　　　Los Angeles, CA 90012 |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, DEBTOR AND DEBTOR'S ATTORNEY, THE CHAPTER 7 TRUSETE, CREDITORS AND ALL PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that on January 11, 2024, at 10:00 a.m. in Courtroom 1539 of the United States Bankruptcy Court located at 255 East Temple Street Los Angeles, California,

- 1

90012, Peter C. Anderson, the United States Trustee for the Central District of California, Region 16 ("UST"), pursuant to 11 U.S.C. § 333(a)(1) and Federal Rule of Bankruptcy Procedure ("Rule") 1021(a), 2007.2(a) and (e), and 9014, submits the following Motion for Determination that a Patient Care Ombudsman is Not Necessary for the Protection of Patients Pursuant to Rule 2007.2(a) ("Motion").

**PLEASE TAKE FURTHER NOTICE** that this Motion is supported by the attached memorandum of points and authorities, the supporting declaration of David S. Shevitz, the documents filed in this case, and such argument or evidence as may be presented at the hearing on the Motion. If you wish to review any of the moving papers, please email David.S.Shevitz@usdoj.gov.

**PLEASE TAKE FURTHER NOTICE** that this Motion is being heard on regular notice pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: December 18, 2023                PETER C. ANDERSON
                                        UNITED STATES TRUSTEE

                                        By:    /s/ David S. Shevitz
                                               /s/ David S. Shevitz
                                               Trial Attorney

## FACTS

Westside Multispecialty Surgery Center ("Debtor") filed a voluntary chapter 7 bankruptcy petition ("Petition") on November 17, 2023.[1] The Debtor checked the "health care business" box in the Petition. On December 18, 2023, Debtor filed the Declaration of Tong Liu ("Liu Decl.") regarding the Debtor's patient records.[2]

The UST learned that the Debtor formerly operated an outpatient surgery center.[3] The Debtor is not a hospital and never had any of its own patients.[4] Doctors who were not employees of the Debtor performed various outpatient medical procedures at the Debtor's on-site facilities for their own patients who were outside of their insurance network.[5] The Debtor never maintained a patient's entire medical history records nor other sensitive information.[6] The Debtor last had a patient visit one of its facilities in the middle of 2019.[7] The Debtor has not provided *any* services to patients since 2020.[8] Debtor either closed or sold off each of its on-site surgery centers as of 2022.[9] There appear to be no lawsuits or complaints against the Debtor or its business from any prior patients.[10] The only lawsuit in which Debtor was engaged involved a

---

[1] UST requests that the Court take judicial notice of the docket and filings referenced in this Motion pursuant to Federal Rule of Evidence 201.

[2] See Liu Decl., Doc No. 12.

[3] *See* Declaration of David S. Shevitz in Support of the Motion ("Shevitz Decl."), ¶ 5.

[4] *See id.* at ¶ 6.

[5] *See id.* at ¶ 8.

[6] *See id.* at ¶ 9.

[7] *See id.* at ¶ 10.

[8] *See id.* at ¶ 11

[9] *See id.* at ¶ 12.

[10] *See id.* at ¶ 16.

prepetition lawsuit filed by the landlord of one of its former facilities WW Westwood LP for back rent and attorneys fees.[11]

All of the Debtor's patient records are purely digital and are securely stored with Iron Mountain ("Records").[12] Each of the Records stored with Iron Mountain duplicates original records held by a patient's individual doctors.[13] If a patient seeks to retrieve their medical records, they would do so with their own doctor directly. Debtor does not grant patients access to the Records.[14] No third parties have access to the Records.[15] There have been no requests for medical records from any patients since at least November of 2020.[16] Debtor saw less than 10 patients in 2019 and less than 100 patients in 2018.[17] Debtor will maintain responsibility for the Records and will maintain or destroy them consistent with the Health Insurance Portability and Accountability Act ("HIPAA").[18]

## **LEGAL ARGUMENT**

Pursuant to 11 U.S.C. § 333(a), if the debtor is a health care business, the court shall order the appointment of a patient care ombudsman ("PCO") to monitor the quality of patient care not later than 30 days after the commencement of the case unless the court finds such appointment is not necessary under the specific facts of the case.[19] Pursuant to Rule 2007.2, the

---

[11] *See* Schedules E/F Doc 1 pg. 16 part 3.1.
[12] *See* Liu Decl., Doc No. 12 ¶ 3.
[13] *See id.* at ¶ 4.
[14] *See id.* at ¶ 5.
[15] *See id.* at ¶ 6.
[16] *See id.* at ¶ 6
[17] See Shevitz Decl. ¶ 15.
[18] *See* Liu Decl. at Doc No. 12 ¶ 7.
[19] 11 U.S.C. § 333(a)(1) states:

- 4 -

United States Trustee may file a motion within 21 days after the commencement of the case, or within another time fixed by the court, for the court to find that the appointment of a PCO is not necessary for the protection of patients under the specific circumstances of the case.[20] Regardless of whether the Debtor is a "health care business," a PCO is not necessary for the protection of patients or patient records.

### A. The Debtor May or May Not be a Health Care Business

Although the Debtor designated itself as a "health care business" under Question 7 of the Petition, the definition of a "health care business" in Bankruptcy Code Section 101(27A) appears to contemplate an entity that "*is primarily engaged*" in offering certain health care related services to the general public. 11 U.S.C. Sec. 101(27A) (emphasis added). The Debtor ceased active business since at least 2020. Accordingly, it *currently is* not engaged in providing service and may no longer be a health care business.

### B. A PCO is Not Necessary to Protect Patient Care

Debtor is no longer operating an outpatient surgery center and no patients have visited any of its facilities since 2019. The Debtor is not a hospital and never had any of its own patients. Each of the Records stored with Iron Mountain duplicates the original records held by a

---

If the debtor in a case under chapter 7 ... is a health care business, the court shall order, not later than 30 days after the commencement of the case, the appointment of an ombudsman to monitor the quality of patient care and to represent the interests of the patients of the health care business unless the court finds that the appointment of such ombudsman is not necessary for the protection of patients under the specific facts of the case.

[20] Rule 2007.2(a) provides:

In a chapter 7 ... case in which the debtor is a health care business, the court shall order the appointment of a patient care ombudsman under § 333 of the Code, unless the court, on motion of the United States trustee or a party in interest filed no later than 21 days after the commencement of the case or within another time fixed by the court, finds that the appointment of a patient care ombudsman is not necessary under the specific circumstances of the case for the protection of patients.

- 5 -

patient's individual doctor. If a patient seeks to retrieve their medical records they would do so with their doctor directly. Debtor does not grant patients access to the Records. No third parties have access to the Records. There appears to be no history of inadequate care or services provided to the patients at one of the Debtor's facilities and the Debtor remains accountable to the state regulatory boards. Thus, at this time, a PCO does not seem necessary to protect patient care.

The Debtor represents that it stores client/patient files through the Cloud using a secure practice management platform, and that it will continue postpetition to be responsible for the records. The Debtor will either maintain or destroy these patient medical records pursuant to HIPAA. Hence, a PCO is not needed to protect patient records.

### CONCLUSION

Based on the facts in this case, a PCO appointment is not necessary to protect patient care and/or preserve patient records. The UST respectfully requests that this Court find and determine that the appointment of a PCO is not necessary for the protection of patients under the specific facts of this case and grant such further relief as may be warranted.

Respectfully submitted,

DATED: December 18, 2023        PETER C. ANDERSON
                                UNITED STATES TRUSTEE


                                 /s/ David S. Shevitz
                                By:    DAVID S. SHEVITZ
                                    Trial Attorney

**DECLARATION OF DAVID S. SHEVITZ**

I, David S. Shevitz, hereby declare:

1. I am over the age of eighteen years, and if called upon to testify I could and would do so competently. I am employed as a trial attorney by the Office of the United States Trustee for the Central District of California in the Los Angeles Field Office. I am a licensed attorney with the California State Bar. I have personal knowledge of the facts set forth herein, and based on that personal knowledge I assert that all such facts are true and correct to the best of my knowledge.

2. Westside Multispecialty Surgery Center ("Debtor") filed a voluntary chapter 7 bankruptcy petition ("Petition") on November 17, 2023, initiating case no. 2:23-bk-17675-BB (Doc 1).

3. On Wednesday, December 13, 2023, I appeared at the Debtor's 341(a) meeting ("341 Meeting ") and asked the Debtor and its counsel questions pertaining to the Debtor's case.

4. Mr. Liu testified as the Debtor representative on behalf of the Debtor at the 341 Meeting.

5. Mr. Liu testified at the 341 Meeting learned that the Debtor formerly operated an outpatient surgery center.

6. Mr. Liu also testified that the Debtor does not have any of its own patients.

7. On December 15, 2023, I spoke with Debtor's counsel Julie Villalobos of Oak Tree Law regarding the operations of the Debtor and its patient medical records.

8. On December 15, 2023, Ms. Villalobos sent me a series of emails (the "December E-Mails" that indicated that doctors performed various outpatient medical procedures at the Debtor's on-site facilities for their own patients who were out of their insurance network.

9. The December E-mails also indicated that Debtor never maintained a patient's entire medical history records nor other sensitive information.

10. Mr. Liu testified at the 341 Meeting that the Debtor last had a patient visit one of its facilities in the middle of 2019.

11. Mr. Liu also testified at the 341 Meeting that the Debtor has not provided any services to any patients since 2020.

12. Mr. Liu testified at the 341 Meeting that Debtor either closed or sold off each of its on-

- 1 -

site surgery centers as of 2022.

13. Mr. Liu testified at the 341 Meeting that there have been no requests for medical records from any patients since at least November of 2020.

14. Mr. Liu testified at the 341 Meeting that no patients have ever filed any complaints against the Debtor.

15. Mr. Lieu testified that Debtor had less than 10 patients in 2019 and that Debtor saw less than 100 patients in 2018.

16. I reviewed the Debtor's petition in this case on December 15, 2023, and there appear to be no lawsuits or complaints against the Debtor or its business from any prior patients.

I declare under penalty of perjury that the foregoing facts are true and correct.

Executed on December 18, 2023 in Los Angeles, CA.

/s/ David S. Shevitz
David S. Shevitz
Trial Attorney

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:


A true and correct copy of the foregoing document entitled (*specify*): __ **UNITED STATES TRUSTEE'S NOTICE OF MOTION AND MOTION FOR DETERMINATION THAT A PATIENT CARE OMBUDSMAN IS NOT NECESSARY FOR THE PROTECTION OF PATIENTS PURSUANT TO RULE 2007.2(a); DECLARATION OF DAVID S. SHEVITZ IN SUPPORT**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/18/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

David M Goodrich (TR)    dgoodrich@go2.law, c143@ecfcbis.com;dgoodrich11@ecf.axosfs.com;lrobles@wgllp.com ("Chapter 7 Trustee")
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Julie J Villalobos    julie@oaktreelaw.com, oakecfmail@gmail.com;villalobosjr51108@notify.bestcase.com ("Counsel for Debtor")

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 12/18/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/18/2023 | David S. Shevitz | /s/ David S. Shevitz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**

**Debtor:**

Westside Multispecialty Surgery Center
PO Box 965
Culver City, CA 90232-0965

**Creditor:**

WW Westwood LP
Allen Matkins Mallory & Natsis LLP
865 South Figueroa St Suite 2800
Los Angeles, CA 90017-2795

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**